# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# JONESBORO DIVISION

| | | |
|---|---|---|
| ELIZABETH BRIDGES BAND, | * | |
| | * | |
| Plaintiff, | * | |
| v. | * | No. 3:19cv00146 BRW-JJV |
| | * | |
| ANDREW SAUL, | * | |
| Commissioner of the | * | |
| Social Security Administration,[1] | * | |
| | * | |
| Defendant. | * | |

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

### INSTRUCTIONS

This recommended disposition has been submitted to United States District Judge Billy Roy Wilson. The parties may file specific objections to these findings and recommendations and must provide the factual or legal basis for each objection. The objections must be filed with the Clerk no later than fourteen (14) days from the date of the findings and recommendations. A copy must be served on the opposing party. The district judge, even in the absence of objections, may reject these proposed findings and recommendations in whole or in part.

### RECOMMENDED DISPOSITION

Plaintiff, Elizabeth Band, has appealed the final decision of the Commissioner of the Social Security Administration to deny her claim for disability insurance benefits. Both parties have submitted appeal briefs and the case is now ready for a decision.

A court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and free of legal error. *Slusser v. Astrue*, 557 F.3d 923, 925 (8th Cir. 2009); *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997); *see*

---

[1] Andrew Saul was sworn in as Commissioner of the Social Security Administration on June 17, 2019 and is automatically substituted as the defendant pursuant to Rule 25(d) of the Federal Rules of Civil Procedure.

*also* 42 U.S.C. §§ 405(g), 1383(c)(3). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Reynolds v. Chater*, 82 F.3d 254, 257 (8th Cir. 1996). In assessing the substantiality of the evidence, courts must consider evidence that detracts from the Commissioner's decision as well as evidence that supports it; a court may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported an opposite decision. *Sultan v. Barnhart*, 368 F.3d 857, 863 (8th Cir. 2004); *Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993).

The history of the administrative proceedings and the statement of facts relevant to this decision are contained in the respective briefs and are not in serious dispute. Therefore, they will not be repeated in this opinion except as necessary. After careful consideration of the record as a whole, I find the decision of the Commissioner is supported by substantial evidence.

Plaintiff was forty-one at the time of the administrative hearing. (Tr. 36.) She is a college graduate, (Tr. *Id.*) and has past relevant work as an elementary school teacher. (Tr. 25.) The Administrative Law Judge[2] (ALJ) found Ms. Band has "severe" degenerative disc disease, (Tr. 17), but did not have an impairment or combination of impairments meeting or equaling an impairment listed in 20 C.F.R. § 404, Subpart P, Appendix 1. (Tr. 18.)

---

[2]The ALJ followed the required sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. §§ 416.920(a)-(g) and 404.1520(a)-(g).

The ALJ determined Ms. Band had the residual functional capacity (RFC) to perform a slightly reduced range of sedentary work. (*Id.*) Given this RFC, the ALJ determined Ms. Band is no longer able to perform her past relevant work. (Tr. 25.) Therefore, the ALJ employed the services of a vocational expert to determine whether jobs existed that Ms. Band could perform despite her impairments. (Tr. 43-46.) Based in part on the vocational expert testimony, the ALJ determined that Plaintiff was capable of performing the jobs of document preparer and surveillance system monitor. (Tr. 26.) Accordingly, the ALJ determined Ms. Band was not disabled. (Tr. 26-27.)

In support of her Complaint, Ms. Band argues that the ALJ erred in three ways by: 1) finding no "severe" mental impairment; 2) determining she did not meet listing 1.04A; and 3) failing to give adequate weight to the opinion of her treating physician, Rebecca Barrett-Tuck, M.D. (Doc. No. 10 at 6-18.)

Plaintiff says, ". . . it is evident that the ALJ's cursory dismissal of Ms. Band's mental impairments as 'non-severe' is contrary to the weight of the evidence." (*Id.* at 9.) I disagree with Plaintiff's assertion that the ALJ's analysis was "cursory." The ALJ gave fair attention to this issue and stated:

> Physical exams on May 19, 2017 and December 29, 2017 revealed that the claimant had a normal mood and affect. Her behavior, judgment, and thought content were normal. However, she was diagnosed with general anxiety disorder (GAD), for which she was prescribed Diazepam (Valium) 10 mg. The claimant's physical exam revealed the same results on March 2, 2018, but it does not appear that she was prescribed any medication for the anxiety. Furthermore, the undersigned concludes that any symptoms the claimant may experience related to this impairment are situational and not medically determined. Therefore, based on the medical evidence of record, the undersigned finds that the claimant's GAD does not significantly limit her ability to engage in work related activities. Thus, it is a non-severe impairment under the provisions of 20 CFR 404.1521.

(Tr. 18 (citations omitted).)

3

A "severe" impairment is one that significantly limits a claimant's physical or mental ability to do basic work activities. *Gwathney v. Chater*, 104 F.3d 1043, 1045 (8th Cir. 1997); *Browning v. Sullivan*, 958 F.2d 817, 821 (8th Cir. 1992); 20 C.F.R. § 416.920(c) (2007). It has "more than a minimal effect on the claimant's ability to work." *Hudson v. Bowen*, 870 F.2d at 1396; *accord, Kirby v. Astrue*, 500 F.3d 705, 707 (8th Cir. 2007); *Page v. Astrue*, 484 F.3d 1040, 1043 (8th Cir. 2007).

> (a) *Non-severe impairment(s)*. An impairment or combination of impairments is not severe if it does not significantly limit your physical or mental ability to do basic work activities.
> (b) *Basic work activities*. When we talk about basic work activities, we mean the abilities and aptitudes necessary to do most jobs. Examples of these include--
> (1) Physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying or handling;
> (2) Capacities for seeing, hearing, and speaking;
> (3) Understanding, carrying out, and remembering simple instructions;
> (4) Use of judgment;
> (5) Responding appropriately to supervision, co-workers and usual work situations; and
> (6) Dealing with changes in a routine work setting.

20 C.F.R. §§ 404.1521 and 416.921 (2007).

The ALJ recognized Plaintiff was diagnosed with generalized anxiety disorder. (Tr. 409.) But, as the Commissioner correctly points out in his brief, a diagnosis of a mental impairment does not automatically establish it as a "severe" impairment. *See Gowell v. Apfel*, 242 F.3d 793, 797 (8th Cir. 2001).

Plaintiff argues that the ALJ incorrectly determined her anxiety disorder was situational. However, the ALJ's decision is fairly supported on this point. As Jon Etienne Mourot, Ph.D., notes, "She explained has special needs son that is terminally ill. She takes Valium prn to help her sleep at night." (Tr. 55.) Dr. Mourot also reported, "Takes diazepam as needed related to

4

the stress of a special needs child." (*Id.*) Lastly, while Plaintiff disagrees, the opinions of Dr. Mourot and Christal Janssen, Psy.D., support the ALJ's determination that Plaintiff had no "severe" mental impairments. While I realize these doctors only reviewed the medical records and did not treat or otherwise examine Ms. Band, their opinions may still constitute substantial evidence.

Ms. Band also disagrees with the ALJ's weight given to Dr. Barrett-Tuck. With regard to Plaintiff's treating doctor, the ALJ stated:

> The undersigned has considered the opinion from Dr. Barrett-Tuck, the claimant's treating physician, dated January 17, 2017. Dr. Barrett-Tuck opined that she did not think the claimant was going to be able to function at all in the classroom all day long or in any occupation all day long. However, the records indicate that the claimant has the functional ability to perform activities of daily living[ ]. In addition, by March 2, 2018, a thorough physical exam of the claimant's neck revealed normal [range of motion] and no thyromegaly. She had no cranial nerve deficit with a normal gait and coordination. It further revealed negative straight leg raising bilaterally and no weakness in her lower extremities. She denied sacroiliac tenderness, but reported some mild tenderness on the left lumbar.

(Tr. 24 (citations omitted).)

The United States Court of Appeals for the Eighth Circuit has reiterated:

> Generally, a treating physician's opinion is given more weight than other sources in a disability proceeding. 20 C.F.R. § 404.1527(c)(2). Indeed, when the treating physician's opinion is supported by proper medical testing, and is not inconsistent with other substantial evidence in the record, the ALJ must give the opinion controlling weight. *Id.* "However, [a]n ALJ may discount or even disregard the opinion of a treating physician where other medical assessments are supported by better or more thorough medical evidence, or where a treating physician renders inconsistent opinions that undermine the credibility of such opinions." *Wildman v. Astrue*, 596 F.3d 959, 964 (8th Cir. 2010) (alteration in original) (internal quotation omitted). Ultimately, the ALJ must "give good reasons" to explain the weight given the treating physician's opinion. 20 C.F.R. § 404.1527(c)(2).

*Anderson v. Astrue*, 696 F.3d 790, 793 (8th Cir. 2012).

In carefully reviewing the ALJ's assessment of this evidence, I find no error. The ALJ accurately assessed the most recent evaluation of Plaintiff. (Tr. 790-793.) And although Dr. Barrett-Tuck's conclusion is somewhat persuasive, (Tr. 234), it appears her opinion appears largely based on the potential for future impairment. But given the more recently evaluation more than a year later, it appears Plaintiff had improved. Additionally, it is important that Dr. Barrett-Tuck was treating Plaintiff conservatively.

I also find no error at Step 3 of the ALJ's analysis. A claimant is presumed disabled due to major dysfunction of a joint if she establishes the following:

> 1.04 Disorders of the spine (e.g., herniated nucleus pulposus, spinal arachnoiditis, spinal stenosis, osteoarthritis, degenerative disc disease, facet arthritis, vertebral fracture), resulting in compromise of a nerve root (including the cauda equina) or the spinal cord. With:
>
> A. Evidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test (sitting and supine);
> OR
> B. Spinal arachnoiditis, confirmed by an operative note or pathology report of tissue biopsy, or by appropriate medically acceptable imaging, manifested by severe burning or painful dysesthesia, resulting in the need for changes in position or posture more than once every 2 hours;
> OR
> C. Lumbar spinal stenosis resulting in pseudoclaudication, established by findings on appropriate medically acceptable imaging, manifested by chronic nonradicular pain and weakness, and resulting in inability to ambulate effectively, as defined in 1.00B2b.

20 C.F.R. § 404(P), App. 1, §§ 1.02 & 1.04.

The ALJ found Plaintiff's back disorder amounted to a "severe" impairment (Tr. 17) but determined this impairment did not meet or equal a listing. (Tr. 18.)

Plaintiff unquestionably has significant issues with her back. To meet or equal a listing, Plaintiff must prove she meets all of the specific medical criteria. *Marciniak v. Shalala*, 49 F.3d 1350, 1353 (8th Cir. 1995). But given the most recent treatment records discussed above, I find Plaintiff's medical evidence fails to meet the requirements of Listing 1.04. Therefore, the ALJ could correctly find that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments." (Tr. 18.)

Counsel for both sides have done exemplary work on behalf of their respective clients. I am sympathetic to Ms. Band's claims. I am certain Ms. Band experiences some degree of pain and limitation. But the overall medical evidence provides substantial support for the ALJ's determination that she could perform work at the sedentary exertional level.

Plaintiff has advanced other arguments that I have considered and find to be without merit. It is not the task of this Court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts her findings. The test is whether there is substantial evidence on the record as a whole which supports the decision of the ALJ. *E.g., Mapes v. Chater*, 82 F.3d 259, 262 (8th Cir. 1996); *Pratt v. Sullivan*, 956 F.2d 830, 833 (8th Cir. 1992). I have reviewed the entire record, including the briefs, the ALJ's decision, the transcript of the hearing, and the medical and other evidence. There is ample evidence on the record as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *see also Reutter ex rel. Reutter v. Barnhart*, 372 F.3d 946, 950 (8th Cir. 2004). The Commissioner's decision is not based on legal error.

IT IS THEREFORE RECOMMENDED that the final decision of the Commissioner be affirmed, and Plaintiff's Complaint be dismissed with prejudice.

DATED this 25th day of October 2019.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE